BIRD S. COLER, Commissioner of Public Welfare of the City of New York, on Complaint of LEAH SANDBERG, Appellant, v. MICHAEL SFORZA, Respondent.— Judgment of the Court of Special Sessions, Borough of Brooklyn, affirmed. No opinion. Lazansky, P. J., Young and Seeger, JJ., concur; Rich and Kapper, JJ., dissent.

WILLIAM N. CRAIG, Respondent, v. THE HICKOK MUSIC COMPANY, INC., Appellant. (Action No. 2.)*— Judgment reversed upon the law, with costs, and complaint dismissed, with costs, upon the ground that plaintiff's discharge was warranted because of statements in his affidavit in a prior action, beyond the necessities of his case, charging the president of his employer with crime, and upon the further ground that the uncontradicted testimony showed that plaintiff endeavored to induce coemployees to leave defendant's employment. Rich and Hagarty, JJ., concur; Lazansky, P. J., concurs in the result, upon the ground that justification for plaintiff's discharge was shown in the uncontradicted testimony that plaintiff endeavored to induce coemployees to leave defendant's employment and in other acts of insubordination, and upon the further ground that the charges of crime, made by plaintiff in his affidavit in a prior action, justifiably brought to recover a share of profits, were unnecessary and in any event incompatible with his continuance in defendant's employment; that while the facts which underlay plaintiff's charge against defendant's president would have justified plaintiff's leaving the employment and suing for damages as if he were discharged, when he insisted on remaining in the face of his attitude toward the president, defendant was justified in discharging him although its officers brought about the condition which resulted in his charges against the president; Kapper, J., dissents from the dismissal of the complaint and votes for a new trial, with the following memorandum: The testimony that plaintiff endeavored to induce fellow-employees to leave the defendant's service may be controverted upon a new trial. The averments in the affidavit used in the former action and relied upon by the defendant here as a justification for plaintiff's discharge, were found to be true both in that action and the present one. We sustained plaintiff's recovery in the former action. (*Craig* v. *Hickok Music Company, Inc.*, 224 App. Div. 751.) I am of opinion that defendant's use of that affidavit in this trial presented a question of fact as to justification which the trial court properly disposed of in the charge. The bringing of an action is not a ground for discharge of an employee if his claim is not made in bad faith. (*Brightson* v. *Claflin Co.*, 84 App. Div. 557, 561.) Scudder, J., dissents and votes to affirm.

ANNA C. FUHRMANN, Respondent, v. ARTHUR E. FANROTH, Appellant, and PETER J. FUHRMANN, Defendant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.